May Term,
1829.

KELSEY
v.
DICKSON.

---

### KELSEY *v.* DICKSON, in Error.

*Wednesday,*
*May 13.*

*KELSEY* and *Dickson* being partners in a mill which they had built, entered into a written agreement stating, *inter alia*, that *Dickson* had bought *Kelsey's* interest in the mill for 500 dollars, to be paid in certain instalments. *Kelsey*, in an action against *Dickson* for the purchase-money, was permitted to show by parol evidence, that the sum of 500 dollars, which *Dickson* was to pay *Kelsey* for his interest in the mill, was exclusive of the expenses that had been incurred in building it; and that those expenses were to be paid by *Dickson*.

*Dickson* had given to *Kelsey* a receipt as follows: "Rec'd. 17th Oct. 1821, of *J. Kelsey*, 250 dollars, which, with 100 dollars

formerly rec'd., (as per rec't. given Mr. _K._,) I am to lay out for him in _Louisville_, in such goods as will suit the _Terre-Haute_ market, charging him cost and carriage; or, should this mode of settlement not be desired, I am to pay the amount in specie, adding a premium of two _per cent._—say in all 357 dollars, with interest from the date until paid.—_Francis Dickson_, Jun." In an action by _Kelsey_ against _Dickson_, in which _Kelsey_ claimed the whole amount named in this receipt, it was _held_ that, though the original receipt for 100 dollars was not produced nor its absence accounted for, that circumstance was not of itself sufficient to exclude _Kelsey_ from the benefit of the receipt for the whole amount, including the 100 dollars acknowledged to have been previously received.